CUMMINS and Another, Administrators, v. WALDEN.

It is a general rule that a plaintiff, after a verdict against him, cannot claim a new trial on account of his having been surprised by the defendant's evidence.

On a motion for a new trial, on the ground that certain facts can be proved by a witness who is absent, the affidavit of the witness himself should be produced or its absence accounted for.

APPEAL from the Switzerland Probate Court.

*Wednesday, May 31.*

BLACKFORD, J.—Assumpsit by Walden against Cummins and another, administrators of Hagan, for a demand which accrued in the life-time of the intestate. Pleas, 1st. The general issue; 2dly, Payment with notice of set-off. Verdict and judgment for the defendants. A new trial was then granted, and a verdict and judgment were rendered for the plaintiff.

The granting of the new trial is the only error assigned.

The new trial was granted on an affidavit made by the plaintiff. This affidavit states,—that the evidence of one of the defendants' witnesses, who testified that she had heard the plaintiff say that his demand had been paid by the intestate, was a surprise on the plaintiff; that if the plaintiff had known that such evidence would be given, he could have produced a witness to prove a subsequent acknowledgment, by the intestate, of his indebtedness to the plaintiff in the sum of 40 dollars; and that the plaintiff expects to be able to procure the attendance of this witness at the next term. The affidavit further states, that the plaintiff was surprised by the evidence of two other of the defendants' witnesses, who testified that the mill-race, for the digging of a part of which the suit was brought, did not exceed from 10 to 12 feet in width; that the

May Term, 1837.

CUMMINS
v.
WALDEN.

plaintiff did not expect such evidence, and was not therefore prepared with testimony to rebut it; but that he can prove by several witnesses that the average width of the race is at least 14 feet.

This affidavit does not show any sufficient cause for a new trial. The pleas filed by the defendants were ample notice to the plaintiff, that he might expect the defendants to introduce testimony like that which is mentioned in the affidavit. There is nothing in the record to show, that the plaintiff had any reason to complain of being surprised by the defendants' evidence. It is a general rule, indeed, that a plaintiff, after a verdict against him, can have no claim to a new trial on account of his having been surprised by any evidence of the defendant. If the plaintiff finds himself unprepared to meet the defendant's evidence, he always has it in his power to suffer a nonsuit, which will leave him at liberty to sue again for the same cause of action. It would be giving the plaintiff too great an advantage, to permit him to take the chance of a verdict, and when it is lost, to relieve him from the verdict and give him a chance with another jury, merely because the evidence against his claim was stronger on the first trial than he expected it would be. This doctrine is fully supported by the following authorities. *Price* v. *Brown*, 1 Strange, 691.— *Cooke* v. *Berry*, 1 Wilson, 98.—*Harrison* v. *Harrison*, 9 Price, 89.—*Jackson* v. *Roe*, 9 Johns. 77.

But there is another objection to the affidavit, independently of the insufficiency of the matter it contains. The affidavit states, that the plaintiff can prove certain facts by the witnesses named in it. If the granting a new trial depended upon the plaintiff's satisfying the Court that *those facts* could be proved, he should have produced the affidavit to that effect of the witnesses themselves. The plaintiff's own affidavit in such cases is not admissible, without first accounting for the absence of the affidavit of the witnesses. *Denn* v. *Morrell*, 1 Hall's R. 382.—*Mann* v. *Clifton*, in this Court, Nov. term, 1833.

SULLIVAN, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment on the second verdict is reversed, and the proceedings subsequent to the judgment on the first verdict set aside, with costs. To be certified, &c.

*S. C. Stevens*, for the appellants.

*J. Dumont*, for the appellee.