Nov. Term,
1845.

GRAETER *v.* FOWLER and Another.

GRAETER
v.
FOWLER.

The plaintiff is not entitled to a new trial on the ground of surprise, occasioned by a witness, whom he called, giving different evidence from that which he expected him to give.

Monday,
December 8.

ERROR to the *Knox* Circuit Court.

SULLIVAN, J.—Trial of the right of property. The property claimed was certain articles of merchandize, levied upon as belonging to *Europe Graeter,* by virtue of two executions in favour of the defendants, and claimed by the plaintiff *J. Graeter.* Verdict, that the property was subject to the executions; motion for a new trial overruled; and judgment on the verdict.

The evidence on the trial, all of which is spread upon the record, consisted in part of a bill of goods purchased at *New Orleans,* which included the articles embraced by the verdict of the jury. A question at the trial was, whether the bill was addressed to Mr. *E. Graeter* or to Mr. *J. Graeter.* Testimony was adduced to the point, and the bill itself was produced. *Bruner,* a witness introduced by the claimant, swore that he was in company with *John* and *Europe Graeter* in *Lafayette,* in *July,* 1843; that he went with *John Graeter* to *New Orleans,* and saw him examine and select some groceries at *Knight's,* in *New Orleans,* the day before he left there; that on the next day he went on board a steam-boat with *John Graeter;* that *Graeter* received goods on the boat which he claimed as his own; that witness continued with *Graeter* to *Vicksburg,* &c. Other testimony was introduced, but the point to be decided does not require that it be particularly noticed.

The motion for a new trial was supported by an affidavit of the claimant, which was, substantially, as follows, viz.: That he could prove by *William Knight,* merchant of *New Orleans,* that he, the claimant, and not *Europe Graeter,* purchased and paid for the goods in the foregoing bill mentioned; that he, the deponent, went to *New Orleans* in the month of *April,* (about five months before the trial), and expected to have returned in *June,* but was detained until the month of *July;* that he obtained the name and place of residence of a

justice of the peace, for the purpose of taking the deposition of said *Knight* to be read in evidence in this cause; that, on his return, a notice was served and dedimus taken out, which, with instructions and money to pay expenses, were sent post paid to *New Orleans*, but the depositions were not taken on account of the absence of the justice named in the notice, and for no other cause; he further stated, that he would prove by said *Knight*, that the letter in dispute was a *J.* according to his mode of writing, and not an *E*; he further stated, that he was altogether surprised at the trial by the evidence of *Bruner*; that *Bruner* had informed him that he would swear that he, deponent, and not *E. Graeter*, had purchased said goods of *Knight*, but on the trial *Bruner* swore only that he saw the goods engaged but not bought; and that, but for said *Bruner's* information as aforesaid, he could have continued the cause.

The only error complained of is, the refusal of the Court to grant a new trial on the foregoing affidavit. The new trial was not asked on the ground of newly discovered evidence, nor on the ground that the Court refused a continuance until the testimony of *Knight* could be obtained. If it had been, the motion would not have been sustained, because the evidence was not newly discovered, nor was a continuance asked until the testimony could be had. The sole ground was, that the plaintiff was surprised by the testimony of *Bruner*. We have met with no case where a new trial has been granted, because a witness swore contrary to the expectation of the party that introduced him. If that were a good cause for setting aside a verdict, new trials would be endless; because the unsuccessful party in every suit might allege, that his witnesses deceived him. Where there is trick, or where the witness has been tampered with by the opposite party, so that he is influenced to swear falsely, the case may be different. In *Hewlett* v. *Cruchley*, 5 Taunt. 277, the Chief Justice, on a motion for a new trial, on the ground that the defendant had been surprised by what his witness swore to, says that such a thing was never heard of. We think it would be establishing a dangerous precedent to grant a new trial for the reason urged in this case (1.)

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the plaintiff.

*A. T. Ellis*, for the defendants.

(1) A plaintiff, after a verdict against him, has no claim to a new trial on account of his having been surprised by the defendant's evidence. *Cummins et al.* v. *Walden*, 4 Blackf. 307.