## NELSON vs. WATERS.

An action will not lie, under the statute, *Dig. ch.* 77, to recover property lost on a bet or wager, against a third person, to whom the winner has sold it.

In an action to recover property lost on a horse-race it is incumbent upon the plaintiff to prove that the race was not *a turf race.*

Motions for a new trial, on the ground of surprise, because the party's witness swore upon the trial contrary to his expectation, are addressed to the sound discretion of the Court: and should not be granted, unless the party shows proper diligence on his part to prevent surprise by taking the precaution to converse with the witness before the trial: nor unless he produce the affidavits of the witnesses by whom he expects to make out his case on a second trial; or, at least, their names.

*Appeal from the Circuit Court of Johnson county.*

The Hon. FELIX J. BATSON, Circuit Judge.

MAY for the appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was trover for the conversion of a *clay-bank, sway-backed* horse, brought by William Nelson against James Waters, in the Johnson Circuit Court.

The defendant pleaded not guilty, and the cause was submitted to a jury upon the following evidence:

" N. C. Pryor, a witness for the plaintiff, testified that the horse described in the declaration was the property of the plaintiff, and worth about $40. Witness was at a horse-race a short time before this suit was brought. Plaintiff and defendant were also there. That horses ran 440 yards.

" Andrew Thompson, a witness for plaintiff, testified that he was at a horse-race a short time—not two months—before the commencement of this suit. That he requested the defendant to bet his horse on the race. That defendant got upon his horse and rode around to where the plaintiff was. Defendant bet his horse on the race against plaintiff's horse, and gave ten feet the advantage. Defendant said he would be willing to stand to the contract. Witness came up to where the plaintiff and defendant were, and told defendant that he would make the bet himself, and did so, according to the agreement between plaintiff and defendant. That the horse he bet on only beat the other ten feet. That if the plaintiff objected to his taking plaintiff's horse after the race was over, he did not know it. That he was not certain that plaintiff was present when he got the horse, but thinks he was. That he sold the horse he won of plaintiff the next morning to Wm. Frazier, and on the same day, Frazier sold him to the defendant. That the horses ran 440 yards at the horse-race. Plaintiff's horse worth about $40. Witness got $40 for him. Defendant was present at the tim,. witness won plaintiff's horse.

" Wm. Frazier, witness for plaintiff, testified that he was present at the horse-race. That he knew plaintiff and defendant. That one horse, at the race, beat ten feet, or that the judges so decided it. That he bought of Andrew Thompson the horse that plaintiff had sued for, on the next morning after the race, and sold him the same day to defendant. Defendant kept the horse for some time afterwards, (he does not think as long as sixty days,) and then sold or traded him for another horse."

The above being all the testimony offered or introduced, the jury returned a verdict in favor of defendant of not guilty.

The plaintiff moved for a new trial on the ground that the verdict was contrary to law and evidence: and on the further ground of surprise, supported by the following affidavit:

" That he was taken by surprise on the trial of this cause. That Andrew Thompson, who testified as a witness in the cause, was present at the time plaintiff and defendant made a bet or wager of their horses upon a horse-race; and plaintiff concluded, very reasonably, from what said witness said and did, that he could prove by him that he, the plaintiff, made a bet or wager with the said defendant, on a certain horse-race; that the plaintiff bet his horse against the defendant's horse upon the event of said race. That the defendant took possession of the plaintiff's horse after the race was over. That the horse bet by the defendant was the property of defendant, and that defendant afterwards converted plaintiff's horse to his own use. That the plaintiff can prove *by two or three witnesses* that he made the bet with defendant, and that he agreed to, and did stake his horse against the defendant's horse upon said horse race, and not with the witness as said witness has testified, and that consequently he was taken by surprise; and that plaintiff believes that he can obtain the testimony of *some two or three other witnesses* by the next term of this Court, whereby he will be enabled to establish the above facts. That the same are material for him in the prosecution of his said suit against defendant. That he could have procured the attendance of other witnesses, but did not think it necessary, he having been misled by the said Thompson, thinking he could prove as much or more by said witness, with regard to the foregoing facts, having had full confidence in said witness, but that he has been most wofully misled and deceived by him; and that said witness stated to plaintiff the day after the race was run, that the defendant had won the plaintiff's horse fairly."

The Court overruled the motion for a new trial: the plaintiff excepted, took a bill of exceptions setting out the evidence, etc., and appealed to this Court.

Any person losing money or property at any game or gam-

bling device, or any bet or wager whatever, may recover the same by action of debt, if for money, and if for property, by action of detinue or trover, *against the person winning the same:* but such suit must be instituted within ninety days after the paying over of the money or property so lost. *Dig. ch.* 77, *sec.* 1.

The same remedy is given to the heirs, executors, administrators or creditors of the losing party. *Ib. sec.* 2.

Nothing in the two preceding sections is to be so construed as to enable any person to recover back any money or property lost on any *turf race. Ib. sec.* 3.

In this case, the proof clearly failed to sustain the action of the appellant on two points. 1st. It seems, from the evidence, that the witness, Thompson, won the horse of the appellant on the race, and not the appellee. Thompson won the horse, sold him to Frazier, and he sold him to the appellee. The action, therefore, under the statute should have been brought against Thompson instead of the appellee.

2d. The appellant having shown that he lost his horse on a horse-race, should have shown further that it was not a *turf race*, in order to entitle him to recover back the horse; which he failed to do.

The verdict of the jury was not, therefore, contrary to the evidence, and the Court below did not err in refusing the appellant a new trial on that ground.

Was the affidavit of the appellant that he was surprised on the trial by the testimony of Thompson, sufficient to entitle him to a new trial?

It has been held, as a general rule, that a new trial will not be granted because a witness swore contrary to the expectation of the party that introduced him. *Hewlett vs. Cruchley*, 5 *Taunt.* 277. *Graeter vs, Fowler et al.,* 7 *Blackf.* 554. *Cummins et al. vs. Walden,* 4 *Blackf.* 307, *and cases cited·*

Exceptions to this general rule, however, have been allowed on good and sufficient showing. In *Levy vs. Brown et al.,* 6 *Eng.* 16, on a trial before the justice, the witness swore that the contract sued on was usurious, and in the Circuit Court, on appeal, he swore differently; and this Court held that the defen-

dant, who had relied on the testimony of the witness, was entitled to a new trial on the ground of surprise, etc.

All such motions, however, are addressed to the sound discretion of the Court, and the judgment of the Court upon them is not to be overruled here unless it is clearly wrong.

The affidavit in this case was insufficient to entitle the appellant to a new trial, for several reasons:

1st. The appellant does not state in the affidavit that he had taken the precaution to converse with the witness, Thompson, before the trial, and ascertain from him what he would swear. This was necessary to show the exercise of proper diligence on his part to prevent surprise. See *Theobold vs. Hare*, 8 *B. Monroe* 39.

2d. The affidavit does not state the names of the witnesses, or of any witness, by whom the appellant expected to prove that the appellee, and not Thompson, won his horse upon the race. It has been held that the party applying for a new trial on the ground of surprise, ought to produce the affidavits of the witnesses, by whom he expects to make out his case on a second trial, in support of the motion. *Phenix vs. Baldwin*, 16 *Wend.* 62. *Riley vs. State*, 9 *Humph.* 654. *Cummins et al. vs. Walden*, 4 *Blackf. R.* 307. But see *Levy vs. Brown et al.*, 6 *Eng.* 16. Be this as it may, the names of the witnesses at least should be stated.

3d. The affidavit does not state that appellant could prove upon a second trial, that the race upon which he lost his horse, was not a *turf race*, which he failed to prove on the first trial, and without which the testimony, which he proposed to procure on the other point, would have been unavailing.

Upon the whole case, we see no such abuse of the sound legal discretion of the Court below in overruling the motion for a new trial, as to warrant us in reversing the judgment.

The judgment must therefore be affirmed.

Absent, Hon. C. C. Scott.