CATHERINE McCAFFERTY, Plaintiff in Error, v. HANNAH O'BRIEN, Defendant in Error.

A. brings suit for damages against B. on the ground that in a previous suit between the same parties, by the fraud and false swearing of B., the judgment of the court was in his favor and against A.   *Held*, such an action is not maintainable.

What once has been decided before a court of competent jurisdiction can not be brought into controversy in another suit, on the ground of surprise.

The plaintiff in error was plaintiff below, and in her petition set out: That the defendant was indebted to her, and to recover the debt she had brought suit before a magistrate.   That she there proved her claim by her own oath, but the defendant, to the surprise of the plaintiff, denied the indebtedness, well knowing her testimony to be false.   That the plaintiff, at the time of the trial, had no other evidence in her favor, and therefore the magistrate was compelled to give judgment for the defendant.   That the plaintiff was not able to give the necessary security for an appeal, and the time allowed therefor had expired, but that she had since discovered testimony to prove her case; and that the defendant by her false swearing before the magistrate had obtained judgment fraudulently.   The

amount claimed was the amount of the demand before the magistrate with $100 damages.

The defendant filed a demurrer and the court below sustained it, and entered judgment for costs in favor of the defendant. Petition in error by plaintiff to reverse this judgment.

*Dickson & Murdock,* for plaintiff in error.

*O'Conner,* contra, cited *Grant* v. *Ramsey,* 7 Ohio St. 157.

HAGANS, J. It will be seen that this is not an action for a new trial or for the equitable interference of the court to prevent injustice, but a suit for damages growing out of an alleged fraud committed by the defendant on the plaintiff. This was the claim on the argument. The case is not framed with any other view, and would be clearly insufficient if it were. As a general rule, a plaintiff, after judgment against him, can not claim a new trial on the ground of being surprised by the defendant's evidence. *Cummins* v. *Walden,* 4 Blackf. 307. So a party is not entitled to a new trial on the ground of surprise, because the opposite party led him to believe that certain facts would not be disputed or would be admitted; and if the plaintiff chose to rest the proof of the fact of her case upon her own testimony, and was led by the defendant to suppose it would not be disputed, and after it was disputed and her testimony known, chose to assume the responsibility of a decision in her favor, disappointment in the result furnishes no ground for a new trial. The plaintiff took her course with due deliberation, and she must abide the consequences. She might have moved for a continuance, or have suffered a non-suit without prejudice.

The principles just stated are not stated because they apply to this case, but because their analogies furnish us a solution of it. Clearly, the judgment rendered is final, unless it was procured wholly by the fraud of the defendant, and can not be collaterally impeached.

But though misled by the defendant, is not the plaintiff herself responsible for the result? She might have had a continuance of the cause or suffered a non-suit. She chose not to avail herself of either course. But with full knowledge of the alleged fraud, she chose to precipitate upon herself the very loss she seeks to recover in this action. Besides, after all this she might have appealed the case. This she neglected to do. The loss she alleges she has sustained, as she sues for it, has been the consequence of, and brought about by, her own negligence, and she might have avoided it if she had chosen to do so.

An old case, reported in Croke Eliz. 520, *Damport* v. *Sympson*, was an action on the case against the defendant for damages for falsely swearing in an action of trespass against himself, whereby the plaintiff recovered £180, when he would have recovered £500 but for the alleged perjury. But the court held the action was not maintainable, and say, among other reasons, "if this might be suffered, every witness would be drawn in question." See, also, *Eyres* v. *Sedgwick*, Cro. J. 601; *Harding* v. *Bodman*, Hutton, 11.

In Connecticut a suit has been maintained against a witness by means of whose fraud or perjury a judgment was obtained. See cases cited in *Peck* v. *Woodbridge*, 3 Day, 30. But Chancellor Kent, when Chief Justice of the Court of Appeals of New York, denied the propriety of it in *Smith* v. *Lewis*, 3 Johns. 157. This was a suit against a plaintiff who, in a former suit in another State, against the plaintiff in this action, had, by suborning a witness to swear falsely, obtained a judgment contrary to the truth and justice of the case. The chief justice says: "It would be against public policy and convenience; it would be productive of endless litigation, and it would be contrary to established precedent to allow the losing party to try the cause over again in a counter suit, because he was not prepared to meet his adversary at the trial of the first suit."

In this cause the judgment below will be affirmed.