Atkisson *v.* Martin *et al.*

---

ATKISSON *v.* MARTIN ET AL.

PRACTICE.—*Finding.*—Where the finding is not clearly wrong, upon the evidence, although it may not be clearly right, this court will not, upon the evidence, disturb the judgment.

SAME.—*Motion for New Trial.—Surprise.*—An affidavit pointing out the particulars in which the plaintiff was surprised by the evidence of the defendants, who were examined as witnesses on the trial, and naming witnesses by whom he could prove the opposite of what was testified to, it was *held*, was not ground for a new trial.

SAME.—*Cumulative Evidence.*—Where the plaintiff had already testified on the point, such evidence would be only cumulative, and therefore no ground for a new trial.

SAME.—*Exception to Judgment.*—Conceding that the noting of an exception to a judgment, in the record, by the clerk, sufficiently saves the exception, without a bill of exceptions, still there must be some pointing out of the objection to the judgment as rendered.

APPEAL from the Vanderburg Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellees, to recover a balance claimed to be due from the defendants to the plaintiff on partnership accounts.

The defendants, in their pleading, claimed a balance in their favor, and prayed judgment accordingly.

The cause was tried by the court. Finding and judgment for the defendants against the plaintiff for the sum of one thousand three hundred dollars.

The case comes before us on the evidence, and it is in-

sisted by the appellant that the finding is against the evidence, and that the damages assessed against him are excessive. We have examined the evidence with some care; and, while we might not have found exactly as the court did below, had we been trying the cause, yet we cannot, under the well established practice, disturb the judgment on the finding. The finding may not be clearly right; but it is not, as we think, clearly wrong. The evidence as to the main point in the case was quite conflicting; and the amount of damages assessed is not unsupported by the evidence. We omit a general statement of the facts involved, as it would serve no useful purpose as a precedent, and would swell this opinion to an unnecessary length.

A new trial was asked also on the ground that the plaintiff was surprised by the evidence of the defendants, who were examined as witnesses on the trial. An affidavit was filed by the plaintiff pointing out the particulars in which he was taken by surprise, and naming witnesses by whom he could prove the opposite of what was thus testified to. This would not seem to be ground for a new trial. *Cummins* v. *Walden,* 4 Blackf. 307; *Graeter* v. *Fowler,* 7 Blackf. 554; *Travis* v. *Barkhurst,* 4 Ind. 171; *Larrimore* v. *Williams,* 30 Ind. 18.

Besides this, the evidence of the witnesses named would have been cumulative, as the plaintiff himself testified on the point. See case last cited; also *Jennings* v. *Loring,* 5 Ind. 250; *Cox* v. *Hutchings,* 21 Ind. 219.

The record as made up by the clerk shows that the plaintiff excepted to the judgment as rendered, but the exception is not shown by any bill of exceptions. It is claimed that the judgment is erroneous, because it does not direct two promissory notes executed by the plaintiff, one to each of the defendants, to be delivered up and cancelled. We are inclined to the opinion that, under the pleadings in the cause, the effect of the finding and judgment was to cancel the notes in question. But however this may be, we think there is no available error in the record. Conceding that the ex-

ception to the judgment might well be taken without a bill of exceptions, still there must have been some pointing out of the objection to the judgment as rendered. This was not done; nor did the plaintiff ask to have such judgment rendered as he claims should have been.

The judgment below is affirmed, with costs.

*C. Denby* and *D. B. Kumler,* for appellant.

*A. Dyer,* for appellees.