*G. W. Frazier, H. S. Biggs, D. D. Pratt, D. P. Baldwin,* and *J. S. Frazer,* for appellees.

---

## BROWNLEE *v.* KENNEIPP.

SURPRISE.—*Motion for a New Trial.*—Except in particular cases, a party cannot be heard to say that he was surprised at the giving of evidence warranted under issues formed and tendered by himself.

SAME.—*Affidavit of Stranger.*—An affidavit made by one who is not an agent or attorney of a party, or in any way connected with the case, wherein the affiant says he is informed and has reason to believe that a party has been surprised at evidence given, is bad.

EVIDENCE.—*Immaterial Variance.—Failure of Proof.*—In a suit upon a promissory note, where it appeared by the copy of the note filed with the complaint that it was due "one day after date," and the note introduced in evidence without objection commenced "one ——— after date;"

*Held,* that it was not a failure of proof, as contemplated by section 96 of the code, but an immaterial variance, fully provided for by sections 94, 95, 101, and 580 of the code.

APPEAL from the Gibson Common Pleas.

PETTIT, C. J.—Appellee brought suit against appellant and one Thompson, on a promissory note signed by their firm name, thus, "Thompson & Brownlee."  Brownlee an-

swered by denying, under oath, the execution of the note. A proper reply was filed. Trial by the court; finding for the plaintiff; motion for a new trial overruled; exception; and this ruling is assigned for error; and judgment on the finding.

The first reason for a new trial was, surprise at the plaintiff's evidence. The evidence complained of, and at the giving of which the appellant claims he was surprised, was all legitimate and proper under the issue formed; and we do not think that a party can form an issue that warrants the giving of certain evidence, and then be heard to say that he was surprised at the giving of the evidence under the issue so formed and tendered by himself, except, perhaps, in particular cases, as when one party had told the other that such evidence would not be offered, which is not in this case. Besides, this was not sustained by the affidavit of the defendant, his agent, or attorney, or any person in any manner connected with the case, but, for all that appears, by an entire stranger to the case and parties; nor does he swear that he knows anything about the case, or that he knows that the defendant was surprised, but only that he is informed and has reason to believe that he is. The defendant was not at the trial, but was in Missouri, at his home, where he has resided for ten or more years; and how a stranger can make a proper affidavit in such a case, without having seen or heard from the defendant, we are not able to comprehend. It would have looked better if the affiant had sworn that he believed that the defendant would or might have been surprised at the evidence, if he had known anything about it. We cannot sanction this practice, and we hold that no error was committed in refusing a new trial for this cause.

The second reason for a new trial was, that the finding is not sustained by sufficient evidence. The evidence is in the record, and though it may be said to be somewhat conflicting, under the uniform ruling of this court, we cannot disturb the finding; but we have carefully examined the evidence, and it not only justified the finding, but required it,

as the credible evidence greatly and largely preponderates in favor of the action of the court.

It is contended that, as the note filed with the complaint was due one day after date, and the note copied into the bill of exceptions commences thus, "One —— after date," without the word day in it, there was a failure of evidence, as contemplated by section 96 of the code. No objection was made to giving the note in evidence. We cannot concur in the position of appellant's counsel, but think it is a question fully provided for by sections 94, 95, 101, and 580 of the code. We are satisfied that no wrong was done the appellant in the court below.

The judgment is affirmed, at the costs of the appellant.

*D. F. Embree*, for appellant.

*O. M. Welborn*, for appellee.