Helm *et al. v.* The First National Bank of Huntington *et al.*

No. 10,546.

HELM ET AL. *v.* THE FIRST NATIONAL BANK OF HUNTING-
TON ET AL.

INJUNCTION.—*Trial.*—*Jury.*—A court of equity only can give relief by in-
junction, and in a suit therefor there is no right to a jury trial. R. S.
1881, sections 65, 409.

SAME.—*Judgment.*—*Counter-Claim.*—*Change from Judge.*—*Waiver.*—A. sued
B. and C. to enjoin the collection of a judgment held by C. against A.
and B., alleging nothing against B., whose interests were identical with
A.'s. Issues were made by C., which were tried and found for C. with-
out any default of B. or pleadings by him, though he was served with
process. In vacation, pending a motion by A. for a new trial, B. filed a
counter-claim praying a decree declaring the judgment satisfied.

*Held,* that B.'s counter-claim came too late to give him any standing in
court or even to entitle him to apply for a change of venue from the
judge, and that it was properly struck out.

*Held,* also, that A., having gone to trial without the default or answer of
B., could not complain, having thereby waived such proceedings. ·

NEW TRIAL.—*Surprise.*—*Evidence.*—*Statute Construed.*—A plaintiff, being at
liberty to suffer a nonsuit, can not in any case obtain a new trial on the
ground that he was surprised by the defendant's evidence, notwithstand-
ing section 559, R. S. 1881, and this is clear where the evidence creating the
surprise, though inadmissible, was suffered to go in without objection
or any motion to strike it out.

BILL OF EXCEPTIONS.—*Record.*—Interrogatories, filed with a pleading and
stricken out by the court, are out of the record for all purposes until
brought in by bill of exceptions or proper order.

From the Huntington Circuit Court.

*J. C. Branyan, C. W. Watkins, M. L. Spencer, B. M. Cobb*
and *B. F. Ibach,* for appellants.

*W. H. Trammel, T. L. Lucas, J. T. Alexander* and *J. M.*
*Hatfield,* for appellees.

HAMMOND, J.—On March 22d, 1878, the appellants Wil-
liams and Helm, the former as principal, the latter as surety,
executed their note to the appellee, the First National Bank,
in the sum of $600, with attorney fees, payable ninety days
after date. On the 22d day of May following, Williams exe-
cuted his note to said bank for $3,200, payable one day after

date, and secured the same by his mortgage on real estate in Wells county. The bank obtained judgment, December 31st, 1878, in the Huntington Circuit Court, against Williams as principal and Helm as surety on said note of $600, for the full amount thereon due, with attorney fees and costs. The bank, also, September 19th, 1879, obtained judgment and foreclosure against Williams in the Wells Circuit Court, for the full amount, principal, interest, attorney fees and costs, of said note of $3,200. The land described in the mortgage was sold under said foreclosure at sheriff's sale to the bank, October 25th, 1879, for the full amount of the judgment. After the expiration of a year, there being no redemption, a sheriff's deed was executed to the bank for the land. In July, 1881, the bank caused an execution to issue on the judgment rendered against Williams and Helm on said note of $600. The appellee, the sheriff, levied this execution upon certain personal property of the appellant Helm. Helm then commenced the present action against the bank and the sheriff, making Williams also a party defendant, to enjoin the collection of the judgment, except costs and attorney fees, which he paid, claiming in his complaint that the note for $3,200, given by Williams to the bank, covered all of Williams's indebtedness to the bank at that time, including the debt evidenced by said note of $600, and that the payment of said note of $3,200, by the foreclosure of the mortgage securing it, and the purchase at sheriff's sale of the land embraced in the mortgage, operated as a satisfaction of the judgment rendered on said note for $600, except the attorney fees and costs, which were paid, as aforesaid, to the sheriff, on the execution, before the commencement of the action.

The bank and the sheriff answered Helm's complaint by the general denial. Williams, though duly served with process, did not answer, nor was any rule taken against him to answer.

It will thus be seen that the only question in the case was

one of fact, namely, whether or not the note for $3,200 included the debt evidenced by the note for $600.

The case was tried by the court, as between Helm, the bank, and the sheriff, resulting, on the last day of the October term, 1881, in a finding for the defendants. Helm moved for a new trial, and had leave to file written causes therefor on the first day of the next term. In vacation, preceding the next term, Williams filed his cross complaint against the bank, asking a decree declaring the judgment rendered on the note for $600 satisfied. The grounds upon which he asked this relief were the same as those stated in the complaint of Helm. On the first day of the following term Helm filed his written causes for a new trial. On the 3d day of the term Williams moved on affidavit for a change from the judge. His motion was overruled. He excepted. The court also, at the same time, dismissed his cross complaint, to which he excepted. On the 23d day of the term Helm's motion for a new trial was overruled. He excepted. Judgment was rendered against him for costs. He and Williams appealed to this court, making separate assignments of errors. We will first consider the case as to Helm. The error assigned by him is the overruling of his motion for a new trial. His motion for a new trial alleged as causes the following:

1st. The finding of the court is contrary to law.

2d. That the finding of the court is contrary to the evidence.

3d. That the finding of the court is not sustained by sufficient evidence.

4th. Because the court erred in trying this cause without an issue as to Oliver Williams, the principal judgment debtor.

5th. Because the court erred in refusing plaintiff the right of trial by jury as to the questions of fact in this cause.

6th. Because plaintiff was taken by surprise in the evidence on the trial, by the testimony of William McGrew, Thomas L. Lucas and James B. Kenner, witnesses, produced by the defendant, the First National Bank.

Helm *et al. v.* The First National Bank of Huntington *et al.*

7th and 8th. Because the court struck out the third and fourth interrogatories filed with the plaintiff's complaint and propounded by the plaintiff to the bank.

Upon the part of the bank there was direct and positive evidence that the debt evidenced by the note for $600 was not included in the note for $3,200. While there was, in behalf of Helm, evidence that such debt was included in the last note, we can not, under the well settled rule of this court in such case, disturb the finding of the trial court upon the question of fact, about which the evidence was conflicting. This disposes of the first, second and third causes for a new trial.

As to the fourth cause for a new trial, we think that the appellant Helm can not complain because of the trial without an issue as to Williams. Williams was jointly interested with him in having a decree of satisfaction as to the judgment rendered against both on the note for $600. He should have been joined as plaintiff, unless he refused to so join, in which case he might have been made a party defendant, but the reason for making him a party defendant should have been stated in the complaint. Section 269, R. S. 1881. This was not done, and the complaint, therefore, made no cause of action against Williams. There was nothing for him to answer. Besides, if any cause of action had been stated against him, Helm, after going to trial without objection, and without requiring Williams to answer, thereby waived such answer and the objection after the trial came too late. Buskirk's Practice, 286 ; 1 Works Practice, section 736.

The fifth ground for a new trial requires us to decide whether this was a case in which either party was of right entitled to have a trial by jury. The appellant Helm, at the proper time, demanded that the issue of fact should be tried by a jury, but this being refused, he properly saved the question in his bill of exceptions.

Section 409, R. S. 1881, provides that "Issues of law and issues of fact in causes that, prior to the 18th day of June,

1852, were of exclusive equitable jurisdiction, shall be tried by the court." The granting of injunctions belongs exclusively to the equitable jurisdiction of courts, and cases of this kind, before the adoption of the code of June 18th, 1852, were tried by the court without a jury. It is true, that the court might then, as now, in cases triable by it, "in its discretion, for its information, * cause any question of fact to be tried by a jury;" but a party could not then, and can not now, demand as of right a trial by jury in such cases. *Evans* v. *Nealis,* 87 Ind. 262. Section 20 (section 65, R. S. 1881), of article 1, of the Constitution, which provides that "In all civil cases, the right of trial by jury shall remain inviolate," applies only to actions that before the adoption of the Constitution were triable by jury, and has no reference to cases falling within the chancery jurisdiction of courts. *Lake Erie, etc., R. R. Co.* v. *Heath,* 9 Ind. 558; *Baker* v. *Gordon,* 23 Ind. 204; *Dronberger* v. *Reed,* 11 Ind. 420; *Norristown, etc., Turnpike Co.* v. *Burket,* 26 Ind. 53; *Hymes* v. *Aydelott,* 26 Ind. 431; *Evansville, etc., R. R. Co.* v. *Miller,* 30 Ind. 209; *Allen* v. *Anderson,* 57 Ind. 388.

We think there was no error in refusing a trial by jury in this case.

In his sixth cause for a new trial, the appellant Helm alleged that he was surprised by the testimony of William McGrew, Thomas L. Lucas and James B. Kenner, witnesses, who, at the trial, testified in behalf of the appellees. The occasion of the alleged surprise happened in this way: Some time before the trial, the deposition of the appellant Williams had been taken before an officer in Huntington, Indiana, to be used in the case of *First National Bank of Huntington* v. *Pfeifer et al.,* pending in one of the courts in the State of New York. In the trial of the case at bar in the court below, Williams was introduced as a witness for the appellant Helm, and testified that the debt for which the note of $600 was given was embraced in the subsequent note of $3,200.

In his cross-examination he stated that he did not remember when his deposition was taken, whether he was asked if the note for $600 was included in the note and mortgage for $3,200; but that if he was asked this question, his answer was that it was not so included.

McGrew, Lucas and Kenner, witnesses for the appellees, directly contradicted Williams upon this point, each one testifying that he was present at the taking of the deposition, and that Williams therein testified that the note for $600 was *not* included in the note and mortgage for $3,200.

In support of the sixth cause for a new trial, appellant Helm filed therewith a certified copy of the deposition in question, showing that the three witnesses above named were mistaken, and that no such evidence as they testified to was given by Williams in said deposition. Said appellant also filed his own affidavit, to the effect that the copy of the deposition so filed was correct; that he was injured by the testimony of the three witnesses, and that he could not have guarded against the same, for the reason that at the time of the trial the deposition was in the city of Buffalo, New York.

A new trial may be granted for "Accident or surprise, which ordinary prudence could not have guarded against." Sec. 559, R. S. 1881. But it seems to be quite well established that a plaintiff is not entitled to a new trial on account of surprise at any evidence given for the defendant, for the reason that he has it in his power to dismiss his case, without prejudice to his rights, and commence another suit. *Cummins* v. *Walden,* 4 Blackf. 307; *Atkisson* v. *Martin,* 39 Ind. 242. In the former case, BLACKFORD, J., delivering the opinion of the court, said: "It is a general rule, indeed, that a plaintiff, after a verdict against him, can have no claim to a new trial on account of his having been surprised by any evidence of the defendant. If the plaintiff finds himself unprepared to meet the defendant's evidence, he always has it in his power to suffer a nonsuit, which will leave him at liberty to sue again

for the same cause of action. It would be giving the plaintiff too great an advantage, to permit him to take the chance of a verdict, and when it is lost, to relieve him from the verdict and give him a chance with another jury, merely because the evidence against his claim was stronger on the first trial than he expected it would be."

As a court may, for good cause shown, at any stage of the proceedings, continue an action (section 411, R. S. 1881), it is probable that the appellant Helm, after the testimony of the three witnesses, could, on proper application, have had a continuance to procure an authenticated copy of the deposition. *State, ex rel.,* v. *Bottorff,* 82 Ind. 538. And it may, also, be suggested that the evidence complained of could not properly have been received, had he objected to it. The deposition itself would have been the best evidence of what Williams testified to when it was taken. Parol evidence of the contents of such deposition was not admissible except by the appellants' acquiescence. We must presume that the court would have excluded it, had he objected to it, or stricken it out after its admission, had he made a motion therefor. From the record it appears that the evidence was received without his objection, and that when so received, he took no steps to get rid of it. We do not think a new trial should be granted to correct the effect of adverse testimony, which would not have been admitted, or, if admitted, would have been stricken out had the party against whom it was offered insisted upon the application of familiar rules of evidence.

The seventh and eighth causes for a new trial present no question for the consideration of this court. The interrogatories stricken out are not in the record, by order of the court or by bill of exceptions. *Klingensmith* v. *Reed,* 31 Ind. 389.

We think there was no error in overruling the motion of the appellant Helm for a new trial.

The appellant Williams has assigned as errors in this court the following:

1. That the court erred in refusing to grant him a change from the judge.

2. That the court erred in dismissing his cross complaint.

As already shown his cross complaint was filed, and his motion for a change from the judge was made, after the trial of the case as between Helm and the appellees. We think he was too late with these proceedings, and that the action of the court in reference thereto was proper. Story Eq. Pl., section 395; *Gouverneur* v. *Elmendorf,* 4 Johns. Ch. 357; *Field* v. *Schieffelin,* 7 Johns. Ch. 250. We find no error in the record.

Judgment affirmed, at the appellants' costs.

Filed October 18, 1883.