Filed June 20, 1889.

---

No. 13,613.

SCHNURR *v.* STULTS ET AL.

NEW TRIAL.—*Affidavits.*—*Practice.*—The finding of the trial court upon an issue of fact presented by affidavits and counter-affidavits filed in support of a motion for a new trial, is binding upon the Supreme Court.

SAME.—*Newly Discovered Evidence.*—*Diligence.*—It is not enough that one who asks a new trial on the ground of newly discovered evidence shall

Schnurr *v.* Stults *et al.*

aver in general terms that he exercised diligence; the particular acts of diligence must be shown.

SAME.—*Cumulative Evidence.*—*Change of Result.*—A new trial will not be granted where the newly discovered evidence is cumulative, or where it is not shown that the new evidence would probably change the result.

INTERROGATORIES TO JURY.—*Items of Evidence.*—*Practice.*—Interrogatories which call merely for items of evidence should not be submitted to the jury.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellees.

ELLIOTT, C. J.—The appellant claimed in the court below a new trial upon the ground of newly discovered evidence. An issue of fact was made by counter-affidavits, and upon this issue the appellant failed. So far as the affidavits and counter-affidavits properly presented an issue of fact, the decision of the trial court is binding upon us, as it is well supported.

If, however, the affidavits of the appellant only are to be considered, they do not entitle him to a new trial, for there is not such diligence shown as the law requires. One who asks a new trial upon the ground of newly discovered evidence must show particular acts of diligence. It is not enough for him to aver, in general terms, that he exercised diligence. *Hines* v. *Driver,* 100 Ind. 315 ; *Allen* v. *Bond,* 112 Ind. 523. This rule disposes of the statements of the affidavits as to the written contract which they describe, for it does not appear that there was a diligent and proper search or inquiry made before the trial, and it also disposes of the oral admissions of which the affidavits make mention. The law requires diligence before trial, and views with disfavor motions for new trials on the ground of newly discovered evidence.

The evidence alleged to be newly discovered is cumulative, for the appellant himself testified to the same matters as those stated in the affidavits. *Atkisson* v. *Martin,* 39 Ind. 242 ;

*Fox* v. *Reynolds,* 24 Ind. 46 ; *Lefever* v. *Johnson,* 79 Ind. 554.

* The affidavits fail to show that the newly discovered evidence would probably change the result. The newly discovered witness, in other affidavits, so fully contradicts the statements contained in the affidavit made by him at the instance of the appellant, that his testimony could not have much, if any, weight in appellant's favor.

There was no error in refusing to compel the jury to itemize the articles of property contained in the saloon which was sold by the one party to the other. It is a mistake to suppose that evidence is to be stated in answers to interrogatories. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544. The practice of asking for items of evidence has been justly and severely censured. *Ward* v. *Busack,* 46 Wis. 407.

The verdict is well supported by the evidence.

Judgment affirmed.

Filed June 22, 1889.