## MANION, ADMINISTRATRIX, *v.* LAKE ERIE & WESTERN RAILWAY COMPANY.

[No. 5,780. Filed February 19, 1907. Rehearing denied June 25, 1907. Transfer denied November 22, 1907.]

1. NEW TRIAL.—*Surprise.—Evidence.*—Plaintiff is not ordinarily entitled to a new trial on account of surprise at defendant's evidence. p. 571.

2. SAME.—*Surprise.—How Question of, Raised.*—Where the evidence introduced, at which plaintiff was surprised, is not objected to, and no request for further time is shown, the question of surprise is not properly saved. p. 572.

3. APPEAL.—*Bill of Exceptions.—Argument of Counsel.—Misconduct.*—Where misconduct of counsel in the argument to the jury is relied upon as a reason for a new trial, a bill of exceptions must be filed showing the misconduct, the motion based thereon and the ruling of the court on such motion. p. 572.

4. RAILROADS.—*Trespassers.—Streets.—Pedestrians.*—A pedestrian traveling on a railroad track, the right of way of which is the property of the company, is ordinarily a trespasser; but if such railroad is laid out in a street, and such street has never been vacated, he is not a trespasser. p. 572.

5. APPEAL.—*Stare Decisis.—Municipal Corporations.—Rights of Way in Streets.*—That municipal corporations may permit railroad companies to lay their tracks in the streets is *stare decisis,* but they cannot grant the ownership of the streets, since it is not theirs to give. p. 573.

6. RAILROADS.—*Rights of Way.—Use of, by Public.*—The use by pedestrians of a railroad right of way for highway purposes does not prove either an implied dedication or a prescriptive right. p. 573.

7. SAME.—*Rights of Way in Street.—Care.*—It is the duty of a railroad company operating its trains over or along a street to keep a vigilant lookout for persons on the track. p. 573.

8.  TRIAL.—*Instructions.*—*Invasion of Province of Jury.*—An instruction which assumes the facts in controversy invades the province of the jury. p. 573.

9.  SAME.—*Instructions.*—*Proving Paragraphs of Complaint.*—An instruction, in a personal injury case, that if plaintiff fails to prove the material allegations of some one or more paragraphs of his complaint the verdict should be for defendant, is erroneous, where the complaint consisted of three paragraphs, the first and second for injuries from negligence and the third for wilful injuries. p. 574.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by Ella Manion, as administratrix of the estate of Michael Manion, deceased, against the Lake Erie & Western Railway Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*George W. Galvin* and *Mason & Jackson,* for appellant.

*Miller, Shirley & Miller, John B. Cockrum* and *W. W. Cook,* for appellee.

ROBY, P. J.—Action by appellant to recover damages on account of the death of her decedent, Michael Manion. She avers in the first paragraph of complaint the existence of a public road or driveway along the west bank of Pogue's Run, between Market and Washington streets in the city of Indianapolis; that appellee laid its tracks in a portion of said driveway or road then in public use, and thereafter moved such tracks over said road so as to prevent the use thereof by vehicles; that the public continued to use the same as a footpath, and that it was and continued to be a thoroughfare in the city of Indianapolis; that said way curved so much that a train entering thereon at Washington street could not be seen by those upon said track at Market street; that appellee and its employes knew the public use to which the same was and had been put from time immemorial, and that the same was in constant use by the public of said city as a highway for pedestrians. It is further averred that decedent, on June 9, 1901, while going to his home over said

way, was run over by a locomotive and train, which is averred to have been negligently run by appellee at a rate of speed in excess of four miles an hour, in violation of an ordinance of the city of Indianapolis, and to have been negligently run without signals. The second paragraph is not different from the first in any essential particular. The third paragraph proceeded upon the theory of a wilful injury, but, in view of admissions made by counsel for appellant in argument, its contents are immaterial as to the questions involved in this appeal. The issue was formed by a general denial. There was a trial by a jury, verdict for the appellee, together with answers to interrogatories.

The only assignment of error discussed is that the court erred in overruling appellant's motion for a new trial.

A great many reasons for a new trial are stated in the motion therefor. The fourth ground stated is that the plaintiff was surprised upon the trial by the introduction of a deed to the Peru & Indianapolis Railroad Company from James Hill, purporting to convey, as of the date of June 6, 1849, certain real estate including the land over which said way was alleged to exist. Previous to the offer of such deed, it had been admitted by the parties that the appellee had succeeded to the rights of property of the Peru & Indianapolis Railroad Company. It is shown by affidavit that said Hill did not have title, as appears from the records of Marion county, and that, because of the inability of the plaintiff to procure such records and the plaintiff's lack of knowledge as to the existence of such deed, she was surprised, etc.

The general proposition is that a plaintiff is not entitled to a new trial on account of surprise at evidence given for the defendant. *Cummins* v. *Walden* (1837), 4 Blackf. 307; *Atkisson* v. *Martin* (1872), 39 Ind. 242; *Helm* v. *First Nat. Bank* (1884), 91 Ind. 44; *Bingham* v. *Walk* (1891), 128 Ind. 164; *Working* v. *Garn* (1897), 148 Ind. 546.

The deed referred to seems to have been introduced in evidence without objection, and no request for further time is shown to have been made. There may be excep-

2. tions to the general proposition before stated, but the facts here exhibited are not sufficient to create an exception thereto. The jury found, as shown by the answers to interrogatories, that appellee was the owner of the property formerly owned by the Peru & Indianapolis Railroad Company; that James Hill and wife, on June 6, 1849, conveyed to the Peru & Indianapolis Railroad Company outlot sixty-six, of which the land occupied by appellee's track on June 9, 1901, was a part; that the train which struck decedent was running upon the track laid on said land, and that decedent was on said track when struck.

The third reason for a new trial sets out statements of appellee's attorneys, relative to the title to such property, made in argument over appellant's objections thereto.

3. Such statements purport to be statements of fact by the lawyers, which could only properly be made in the manner provided for taking testimony. Unfortunately for appellant, it is not shown that the grounds stated in said reason for a new trial were true, lacking which no question is presented. The statement of the motion is immaterial, and no bill of exceptions, showing the fact, was filed. *Hood* v. *Tyner* (1891), 3 Ind. App. 51.

The averment in the complaint that the decedent was struck while upon a public way or thoroughfare, in the city of Indianapolis, was a material allegation, upon the

4. establishment of which, or the failure to establish, the relative rights of the parties largely depend. If the decedent was walking on appellee's track he became a trespasser. *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62. If he was walking upon a street of the city, although such street was used by the railroad company, it still being open to the use of the public, he was not a

trespasser. *Ohio, etc., R. Co.* v. *Walker* (1888), 113 Ind. 196, 3 Am. St. 638; *Krenzer* v. *Pittsburgh, etc., R. Co.* (1898), 151 Ind. 587, 68 Am. St. 252.

The doctrine of *stare decisis* operates to validate the grants by municipalities of the right to steam railroads to lay tracks longitudinally upon the streets thereof
5. (*Town of New Castle* v. *Lake Erie, etc., R. Co.* [1900], 155 Ind. 18), but "no length of user would give a railroad company absolute ownership of a street, for that is not the municipality's to grant." *Town of New Castle* v. *Lake Erie, etc., R. Co., supra,* at page 26.

This doctrine applies conversely, and the user of part of a railroad right of way by the public as a highway for
6. pedestrians does not prove either an implied dedication or a prescriptive right. *Cannon* v. *Cleveland, etc., R. Co.* (1902), 157 Ind. 682.

Where the railroad track is laid upon the surface of a public street, the principles which govern the question of contributory negligence are somewhat different from
7. those which obtain where the track is laid upon a private highway. Those in charge of the train run along such street or way are bound to anticipate the presence of persons on the track ahead of them, and to maintain a constant outlook and exercise reasonable care to avoid injuring persons who are placed in peril. 2 Thompson, Negligence (2d ed.), §1776.

It was the contention of appellee that it owned the land and that the use by the public was an encroachment. It was the contention of appellant that the use made of
8. the land by appellee was an encroachment upon a public thoroughfare. In this state of the issue the court, at the request of appellant, among many other instructions, gave the following: "A railroad track owned by the company operating on same is a known place of danger, and any stranger who uses the same, between stations

and crossings, for his own purposes, without consent, is not exempt from the character of a wrongdoer and trespasser in traveling along it. If you find from the evidence in this case that the defendant railroad company did not enforce its rights and warn people off of its premises, still I charge you that no right was thereby acquired by the public or any individual to use its roadbed as a public place of travel. Such a use by the public would amount to no more than a mere naked license, and impose no obligations on the part of the railroad company to provide against danger of accident. The person who used the right of way for his convenience, went there at his own risk and enjoyed the implied license with its attendant perils. The railroad company was under no legal duty to keep its property free from pitfalls or obstructions, for the accommodation of persons who go upon or over such property, merely for their own use or pleasure, even where this is done by the permission of the railroad company. In such a case, the person so using such property does so at his own risk, and enjoys the use with its concomitant perils.'' In this instruction the court assumed the very matter which was in issue.

The seventh instruction given by the court was as follows: ''If the plaintiff has failed to prove the material averments of some one or more of the paragraphs of complaint, by a fair preponderance of the evidence in the cause, you should find for the defendants.'' By this instruction the jury were told to find against appellant if she had failed to prove the material averments of one of her three paragraphs of complaint. In the third paragraph a wilful injury was charged. Under this instruction a failure to prove the material averments of the third paragraph required a verdict against the plaintiff on the first and second paragraphs in which negligence was charged.

These errors are not shown by the record to have been harmless. The judgment is therefore reversed and the

cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.

Watson, Hadley, Rabb and Comstock, JJ., concur. Meyers, C. J., absent.