## Asche, Administrator, *v.* Harmon, Receiver.

[No. 7,933. Filed April 18, 1913. Rehearing denied June 20, 1913. Transfer denied October 17, 1913.]

1. RAILROADS.—*Injuries to Persons on Tracks.—Licensees.*—Where defendant had its tracks posted against trespassing, but there was a cinder path across the same which, with the knowledge of defendant, was habitually used by decedent and others employed by another railroad company in going to and from their work, decedent, who was killed by defendant's train, was at the time merely a licensee, and defendant owed him the care due a licensee only. p. 313.

2. TRIAL.—*Peremptory Instructions.*—Where the evidence is insufficient in law to sustain a verdict for the party having the burden of proof, it is the duty of the trial court to direct a verdict against such party, but if there is any evidence whatever to sustain a verdict in his favor, the decision of the issue must be left to the jury. p. 314.

3. RAILROADS.—*Injuries to Persons on Tracks.—Licensees.—Last Clear Chance.*—Where decedent in going upon defendant's railroad tracks was merely a licensee, the doctrine of last clear chance cannot be invoked in the absence of proof that the engineer in charge of defendant's train saw the decedent and thereafter ran the engine upon him. p. 314.

4. RAILROADS.—*Injuries to Persons on Tracks.—Proximate Cause. —Contributory Negligence.*—Where defendant's tracks were posted against trespassing, there can be no recovery for the death of one, even though he was a licensee, who, while standing upon defendant's tracks waiting for a train to pass upon a parallel track, was run down by defendant's engine and killed, since under any view of the case decedent was guilty of negligence proximately contributing to his injury. p. 315.

From Marion Circuit Court (17,749); *Charles Remster,* Judge.

Action by Albert Asche, administrator of the estate of Frederick Dittmer, deceased, against Judson Harmon, receiver for the Cincinnati, Hamilton and Dayton Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George W. Galvin,* for appellant.

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellee.

SHEA, J.—This was an action by appellant against appellee as receiver for the Cincinnati, Hamilton and Dayton Railway Company, to recover damages for the alleged negligent killing of Frederick Dittmer. A general denial to the complaint in one paragraph formed the issues submitted to the jury for trial. In obedience to a peremptory instruction a verdict was returned in favor of appellee. Judgment on the verdict. The overruling of appellant's motion for a new trial is the only error assigned in this court.

The material allegations of the complaint show, in substance, that appellant is the administrator of the estate of Frederick Dittmer, deceased; that appellee, as receiver for the Cincinnati, Hamilton and Dayton Railway Company, was engaged in operating trains over its railway in and through the city of Indianapolis, Indiana; that on October 21, 1908, and for many years prior thereto, said railway maintained two tracks immediately south of, and running east and west, parallel with the railroad property of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, consisting of many tracks and its railroad yards, all of which were within the corporate limits of said city. In the yards of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, midway between Trowbridge and Keystone streets, which approached the tracks from the south, was located a building used by its employes. Neither

of these streets extended across the railroad tracks, but ran up to and abutted appellee's right of way. The only approach to said building from the south, and from said streets, was across appellee's two tracks, and four tracks of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, and employes working in said yards, living south of the tracks, were compelled to cross them in going to and from their labor, which they did with appellee's full knowledge, consent and approval. Large numbers of employes so used the tracks at the hours of 6 a. m. and 6 p. m., with appellee's knowledge and acquiescence, and appellee well knew that the negligent operation of its locomotives or trains would endanger the lives of the employes of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, of which appellant's decedent was one, he being a car inspector for said company, and it was necessary for him to go to the building to receive his orders. He had no other way of reaching his place of employment than along Trowbridge or Keystone streets, and across appellee's tracks. Appellee's tracks were about one foot lower than the tracks of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, and the space between appellee's main track and the first or main track of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company was about six feet. On the morning of October 21, 1908, appellant's decedent, at 6 o'clock was upon appellee's right of way, going to his work, and while momentarily awaiting the passage of a train upon the main track of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, going east, he was negligently and carelessly run down and killed by a locomotive engine and car of appellee being operated in direct violation of certain ordinances of the city of Indianapolis, which are set out; that the locomotive engine and car so operated, were being run at a speed of about twenty miles per hour, through the darkness of the morning, without ringing the bell, and

without any person on the rear end. Appellant's decedent left surviving him a widow and two minor children.

Under the motion for a new trial appellant assigns that the court erred in giving to the jury a peremptory instruction to find for appellee. The uncontradicted evidence shows that appellant was employed by the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company as a car inspector at its yards in the eastern part of the city of Indianapolis; that he lived south of said tracks, as well as the tracks of the Cincinnati, Hamilton and Dayton Railway Company, which maintained tracks immediately south of and near to the yards and tracks of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company; that decedent, as well as other fellow workmen, was in the habit of crossing appellee's tracks in going to and from his work, all with the knowledge of appellee. It is further shown that no direct permission was ever given by appellee to cross its tracks; that there were no streets or public highways of any kind crossing said tracks and yards, but that appellee maintained signs of warning against trespassers. There were cinder paths across said yards. On the morning in question, a short time after sunrise, appellant's decedent attempted to cross said tracks and yards, and while waiting for a Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company engine to pass, he remained standing upon the tracks of appellee, where he was struck by an engine operated by appellee's agents and servants, and killed. Appellant's decedent was not an employe or servant of appellee. At the time of the accident he was at best a bare licensee, and appellee owed him the care due a licensee only. The courts of this State have uniformly so held. *Cannon* v. *Cleveland, etc., R. Co.* (1902), 157 Ind. 682, 62 N. E. 8; *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62, 62 N. E. 694; *Freitag* v. *Chicago, etc., R. Co.* (1910), 46 Ind. App. 491, 89 N. E. 501, 92 N. E. 1039; *Manlove* v. *Cleveland,*

*etc., R. Co.* (1902), 29 Ind. App. 694, 65 N. E. 212; *Dull* v. *Cleveland, etc., R. Co.* (1899), 21 Ind. App. 571, 52 N. E. 1013; *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 80 N. E. 166; *Chicago, etc., R. Co.* v. *McCandish* (1907), 167 Ind. 648, 79 N. E. 903. The facts as stated in the case of *Cannon* v. *Cleveland, etc., R. Co., supra,* are very similar to those in the case under consideration. This case has been uniformly followed by the Supreme as well as this court.

In the case of *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261, 267, 90 N. E. 786, this language is used:

2. "If the evidence given upon the trial of a case is insufficient in law to sustain a verdict in favor of a party having the burden of the issue, it is not only proper, but it is the duty of the court, to direct a verdict upon such issue against such party; but if there is any evidence to sustain such verdict, no matter what its weight or character, nor how much it may apparently be overborne by more convincing evidence, conflicting therewith, the decision of the issue must be submitted to the jury. *Pennsylvania Co.* v. *McCormack* (1892), 131 Ind. 250 [30 N. E. 27]; *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25 [62 N. E. 1028], and cases cited."

It appears clearly from the evidence that the cinder pathway referred to was used by appellant's decedent in common with his fellow workmen employed by a wholly differ-

3. ent corporation, for their own convenience. They used it as a short cut to go from the street on the south side to the place where they were employed on the north side of appellee's premises. The way was used with appellee's knowledge. No consent is shown except that which may be implied from the use of it without express objection except that trespass signs were put up and maintained. Appellant's decedent did not go upon the premises to transact any business with appellee. He went purely for his own convenience, without inducement from appellee. There is no proof that the engineer saw appellant's decedent

and thereafter ran the engine upon him, therefore the doctrine of last clear chance can not be invoked to aid appellant's contention.

Upon any theory of the case which might be advanced, appellant's decedent was guilty of negligence which proximately contributed to his injury, and his negligence continued until the time of his injury. He deliberately put himself in a place of danger upon appellee's tracks and so remained until he was injured. In a late case by this court, *Indianapolis Traction, etc., Co.* v. *Croly* (1913), *post* 566, 96 N. E. 973, 98 N. E. 1091, the doctrine of last clear chance has been clearly stated. The facts shown by the evidence in this case do not bring appellant's decedent within any of the rules therein laid down, so as to aid his contention. The case of *Palmer* v. *Chicago, etc., R. Co.* (1887), 112 Ind. 250, 14 N. E. 70, referred to and apparently relied on by appellant in his supplemental brief, is expressly disapproved in *Cannon* v. *Cleveland, etc., R. Co., supra,* and this court is obliged under the law to follow the rulings of the Supreme Court. It follows that the court did not err in sustaining a motion for peremptory instruction, likewise no error was committed in overruling the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 101 N. E. 515. See, also, under (1) 33 Cyc. 761, 767; (2) 38 Cyc. 1565, 1567; (3) 33 Cyc. 854; (4) 33 Cyc. 829. As to liability of railroads to trespassers on track, see 30 Am. St. 53. As to doctrine of proximate cause, see 36 Am. St. 807. As to doctrine of last clear chance, in case of undiscovered persons on railroad track, see 55 L. R. A. 424; 36 L. R. A. (N. S.) 957.