270    APPELLATE COURT OF INDIANA,

Mulvaney v. Terre Haute, etc., Traction Co.—71 Ind. App. 270.

## MULVANEY v. TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY.

### [No. 10,030.    Filed October 31, 1919.]

1. CARRIER.—*Street Railways.*—*Actions.*—*Defenses.*—*Last Clear Chance.*—One who, knowing the east to be the proper side therefor, attempts to board the west side of a moving, northbound car arranged with railing to prevent boarding on that side, and at a place away from a regular stopping place, and knowing that there were double tracks there and northwardly whereon a southbound car might be met at any time, negligently and knowingly placed himself in danger, and for an injury received from a passing southbound car cannot recover unless its motorman had a last clear chance to protect him and failed to use such chance.  p. 273.

2. CARRIERS.—*Boarding Street Car on Wrong Side.*—*Last Clear Chance.*—*Knowledge of Peril.*—In the absence of knowledge by the motorman of an approaching southbound street car, moving along the west rails of double tracks, of the peril of one attempting to board from the west side a street car moving to the north on the east rails of such double tracks, the doctrine of last clear chance does not apply.  p. 274.

3. TRIAL.—*Instructions.*—*Directing Verdict.*—*Carriers.*—*Last Clear Chance.*—In an action for an injury to the plaintiff while negligently upon the running board of a moving street car on the side next to a contrary-bound street car approaching on the other of double tracks, a verdict for the defendant was properly directed by the court where the evidence failed to show that the motorman of the approaching car had any knowledge of the peril of plaintiff, or that he had any appreciable time within which he could have stopped his car before the injury, or that after knowledge of such peril he could have stopped his car before the injury, or that had he stopped his car the injury would have been avoided by the stopping of the car upon which plaintiff was riding.  p. 274.

From Parke Circuit Court; *Henry Daniels*, Judge.

Action by Marion I. Mulvaney against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Daniel V. Miller, Jacob S. White* and *Harold A. Henderson,* for appellant.

*McNutt, Wallace, Sanders & Randel* and *Maxwell & McFadden,* for appellee.

NICHOLS, P. J.—This was an action, tried in the Parke Circuit Court, by the appellant against the appellee to recover damages for personal injuries alleged to have been inflicted on appellant by the negligence of appellee in running and operating two of its cars in opposite directions, on parallel tracks, running north and south on North Sixth street, in the city of Terre Haute, Indiana. Appellant alleged that he was attempting to board the northbound car for the purpose of being carried as a passenger, and that, while standing on the running board on the west side of the car, looking for a seat in the car, appellee's motorman of the southbound car ran his car by and passed the one which appellant was attempting to board, knowing at the time that there was not sufficient space between the tracks and cars to allow them to pass without injurying the appellant, and knowing at the time that appellant was in a position of danger and peril from which he could not extricate himself in time to avoid injury; and that appellee, after it knew of the dangerous and perilous position of appellant and that he could not extricate himself therefrom, could by the exercise of ordinary care and diligence have avoided and prevented injuring appellant, but that appellee continued, with such notice and knowledge after said time, to run and operate said cars by and past each other, and thereby caught appellant between the cars and injured him.

After issues were formed, the cause was submitted

to the jury for trial, and at the close of appellant's evidence the court, on motion of the appellee, gave a peremptory instruction to return a verdict for appellee, upon which verdict judgment was entered for appellee. After a motion for a new trial, which was overruled, appellant prosecutes this appeal. The only question presented for our consideration is the alleged error of the court in giving the peremptory instruction aforesaid.

It appears by the evidence that Wabash avenue, commonly called Main street, in Terre Haute, runs east and west, and that Cherry street is the first street north. Sixth street runs north and south, and is intersected by an alley half way between Main and Cherry streets. The distance between the north side of Main street and the south side of Cherry street is about 300 feet. Appellee maintained double tracks on Main and Sixth streets, in the center parts thereof. Prior to his going into the saloon business, in which he was engaged at the time of the accident, appellant had been a railroader three or four years in road and yard service for the "Big Four" Railroad Company. He had been in the habit of getting on and off moving cars. He was accustomed to riding on this line, and was acquainted with guard rails and summer cars. He knew that there were double tracks on Sixth street, that cars passed on this street, and that cars went north on the east track and south on the west track; he had been up and down on that street a great many times. He knew that the car was open on the east side, and knew that the east side, next to to sidewalk, was the side for passengers to get on and off the cars. A few days before the accident, by ordinance, the place of stopping had been changed

from Sixth street back to Main street. Just before the accident, appellant came around the corner from Main street to the west side of Sixth street, ready to cross the street just as the rear end of a car came around from Main street to Sixth street. When the car did not stop, appellant ran, or walked fast, in a northeasterly direction, and jumped onto the running board on the west side of the car at the rear end, took hold of a grab handle, and then walked north on the running board, looking for a seat, when he saw another car coming from the north, to which he waved a bundle which he had in his hand; then, seeing that he could not get to the north end of the car, he tried to get under the guard rail or banister, which was down to keep people from getting off or on, on that side of the car, and while trying to do this he was struck by the southbound car and fell to the street a little south of the alley and about thirty-five or forty feet—one witness says seventy-five feet—from where he got on the car. The northbound car was running about twelve or fifteen miles an hour, and the southbound car was running eight or ten miles per hour. While the facts as given by different witnesses vary somewhat, the above are substantially correct, and sufficiently accurate for the purpose of this decision.

From the foregoing it appears that the appellant attempted to board a moving car not at a place at which it stopped to receive passengers, on the

1. wrong side, with the car's guard rail down, so as to prevent persons from boarding that side of the car, with full knowledge of the fact that the other side of the car was the proper side on which to board the car, with knowledge of the fact that there were double tracks on Sixth street, and that

274    APPELLATE COURT OF INDIANA,

Mulvaney v. Terre Haute, etc., Traction Co.—71 Ind. App. 270.

the car which he was attempting to board on the wrong side was liable to meet another car at any time. Under these circumstances, it is evident that he negligently put himself in a place of danger with knowledge that he was so doing, and he cannot recover in this case unless it appears that the appellee's motorman of the southbound car had a last clear chance to protect him, and failed to use such chance. *Asche* v. *Harmon* (1913), 54 Ind. App. 310, 101 N. E. 515; *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091.

Even if such motorman had seen the appellant at the time that he jumped upon the running board, there was no evidence as to the time or distance within which he could have stopped his car, but there was certainly not an appreciable time within which he could have acted and stopped his car before the injury, for at most it was but seventy-five feet from the place where the appellant jumped upon the running board of the northbound car to the place where he fell. These cars were approaching each other at a rate of not less than twenty-eight feet per second, and appellant must have been injured at the most within two seconds from the time that he jumped upon the running board of the northbound car. Within this time, to prevent injury, the southbound motorman, after seeing the appellant and comprehending his perilous position, must have set the brakes and overcome the momentum of his car before the appellant was caught between the two cars, which fact, of course, was before the cars had passed each other, and it appears by the evidence that the appellant did not fall to the ground until after the cars had passed each other.

See *Chrystal* v. *Troy, etc., R. Co.* (1887), 105 N. Y. 164, 11 N. E. 380. This is leaving out of consideration the fact that the northbound motorman would not have stopped his car even if the southbound motorman had. It is not shown by the evidence that the motorman saw the appellant and, in the absence of knowledge of appellants' peril, the doctrine of last clear chance does not apply. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785, 126 N. E. 3, and the numerous cases there cited. It was essential in this case that the appellant should have shown that the appellee's motorman knew of the appellant's peril, and that he could have stopped his car in time to have prevented the injury after such knowledge, and that with such knowledge he failed to do so. The appellant having failed to make this proof, the court did not err in directing a verdict for the appellee.

The judgment is affirmed.