TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* OVERPECK.

[No. 10,895. Filed June 23, 1921. Rehearing denied November 15, 1921. Transfer denied January 5, 1922.]

1. STREET RAILROADS.—*Injuries to Persons on Tracks.—Special Duty to Use Due Care.—Instructions.*—In an action against a street railroad company for injuries sustained by a truck driver in a collision with a street car on a public street, an

instruction that if the motorman by the exercise of reasonable care could have seen the truck upon which plaintiff was riding in time to have stopped the car and avoided the injury, he should have done so, was erroneous, since no special duty to use due care in favor of a particular party arises without actual notice of the peril of that party. p. 276.

2. A P P E A L.—*Review.—Harmless Error.—Instructions.—Omissions.*—The failure of an instruction to require a finding that defendant's motorman had actual notice of plaintiff's peril in time to have stopped the car and avoided a collision before there could be any special duty to use due care, was harmless error, where the motorman testified he saw plaintiff's perilous situation at a point sufficiently distant from the place of collision to have permitted the stopping of the car in time to have avoided the accident. p. 276.

3. STREET RAILROADS.—*Injuries to Persons on Tracks.—Negligence.—Instructions.*—In an action by a truck driver for injuries in a collision with a street car, an instruction embodying a general definition of negligence, and stating that if defendant was guilty of negligence as so defined, as a result of which plaintiff was injured while in the exercise of due care, defendant would be liable, *held* not to be misleading or prejudicial to defendant. p. 277.

4. STREET RAILROADS.—*Injuries to Persons on Tracks.—Imputing Motorman's Negligence to Company.—Instructions.*—In an action for injuries to a truck driver in a collision with a street car, an instruction that, if the motorman was in the employ of defendant company, and was acting within the scope of his employment at the time the accident occurred, the negligence of the motorman would be the negligence of defendant, which referred to negligence as defined in the preceding instruction, *held* not erroneous. p. 277.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by Clay Overpeck against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McNutt, Wallace, Harris & Randel,* for appellant.
*A. Z. Thomas* and *S. K. Duvall,* for appellee.

NICHOLS, P. J.—This is an action by appellee against appellant to recover damages for personal injuries al-

leged to have been received in a collision of a street car with a truck in which appellee was riding.

The issues were formed by a general denial to the complaint. There was trial by jury, which resulted in a verdict of $1,000 in favor of appellee, upon which judgment was rendered after appellant's motion for a new trial was overruled. The action of the court in overruling the motion for a new trial is the only error relied upon for reversal, and under this assigned error, appellant has presented errors of the court only in giving instructions Nos. 4, 5 and 9 requested by appellee.

It appears by the evidence in the case that immediately prior to the accident, the team and truck of appellee were standing close to the curb on the north side of Wabash avenue in the city of Terre Haute, Indiana, and a few feet east of Eleventh street. The team was facing to the west. The wagon was a cut-under, and appellee could turn short with it. Appellee got on his wagon or truck and turned to the southeast and started across the tracks. When so turned the truck and the team would reach nearly to appellant's tracks. Appellant's motorman saw appellee with his truck and team standing upon the north side of the tracks. At that time, appellant's car was between Ten-and-a-Half and Eleventh streets. There was nothing that prevented appellant's motorman from seeing the truck after he first saw it, up to the time that he collided with it, but he gave more attention to a buggy that was going the same way as the car. He testified that he next saw the truck and team as he was entering Eleventh street. It was then headed south across the tracks and the horses were just about across. He then shut off the power, and commenced to apply the brakes, but did not reverse, because, as he stated, of the danger to the passengers. Appellee first saw the car coming between Tenth and Ten-and-a-Half streets, and saw it coming practically

276 . APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Overpeck—77 Ind. App. 273.

all of the time until it collided with his truck. He thought the car would probably stop at Eleventh street and did not see that there was going to be a collision until after it had passed that street, at which time the team had passed over the south track, his wagon being yet thereon. He yelled at his team and tried to avoid the collision but it was too late. The collision occurred about thirty-five or forty feet east of Eleventh street.

The substantial objection to instruction No. 9 which we need to consider concerns that part of it which told the jury that if appellant, through its motorman, could have seen the truck and appellee so situated, by the exercise of reasonable care, and that if appellant, through its motorman, saw the truck and appellee, or could have seen them by the exerecise of reasonable care, in time to have stopped its car and to have avoided the injury, it was then and there the duty of appellant, through such motorman, to stop its car and avoid the collision. This was error. No special duty to use due care in favor of a particular party arises without actual notice of the particular party's peril. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1920), 189 Ind. 100, 123 N. E. 785; *Mulvaney* v. *Terre Haute, etc., Traction Co.* (1919), 71 Ind. App. 270, 124 N. E. 682.

But while the instruction was erroneous in this particular, in this case the error was harmless, for it appears by the testimony of appellant's motorman that he saw appellee and his truck in a place of peril before the car entered upon Eleventh street. There is no evidence of the width of Eleventh street but as the accident occurred thirty-five or forty feet east of Eleventh street we may safely assume that the street car traveled from seventy-five to 100 feet after the motorman saw the perilous situation of appellee. Under these circumstances, there was a question of fact for

the jury as to whether appellant was negligent in failing to stop its car in time to avoid the collision.

Instruction No. 4, requested by appellee, is challenged by appellant. This instruction undertakes to give a general definition of negligence and then to state to the jury that if appellant was guilty of negligence as so defined, as a result of which appellee was injured and if at the time appellee was exercising due care, then appellant would be liable to appellee for such damages as would reasonably compensate him for his injury so occasioned. This instruction, general in its character, could not have misled the jury, and we do not see how appellant could have been harmed by it.

The fifth instruction clearly refers to negligence as mentioned and defined in the fourth instruction, and only undertakes to say to the jury that if the motorman was in the employ of appellant, and was acting within the scope of his employment, then such negligence of the motorman would be the negligence of appellant. There was no substantial error in this instruction.

It appears by the record that appellee tendered ten instructions all of which were given, and that appellant tendered forty-five instructions of which forty were given. From all of these instructions, it appears that the jury was well informed as to the law applicable to the questions involved. We find no reversible error. The judgment is affirmed.